IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WENDY LEA APPLEWHITE HASS | § | |
| v. | § | CIVIL ACTION NO. 5:22cv159 |
| WILL RAMSEY, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Wendy Hass filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of her constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Franklin County District Attorney Will Ramsey and defense attorney Martin Bradley.

**I. The Plaintiff's Complaint**

In an attachment to her complaint dated November 17, 2022, Plaintiff states that on August 31, 2022, she was a passenger in a vehicle which was stopped for not having license tags. She was arrested for possession of a controlled substance. Her lawyer, Bradley, told her that she would not be offered a dismissal of the charges or probation, but that the only offer she would receive from the District Attorney was five years in prison. The prosecutor told Bradley that if Plaintiff did not accept this offer and took the case to trial, he would see to it that she spent the rest of her life in prison, based on what she describes as an "extensive" prior criminal history from North Carolina.

Plaintiff states that she is not happy with the way her lawyer handled the case and that she believes he was taking the easy way out of doing any legal work on her case. She says that she is

not guilty and that she was in the company of a man she did not know. The drugs were found in his truck in the back, while her possessions were inside the truck with her.

In an attachment dated December 13, 2022, Plaintiff says that she does not believe she will receive a fair trial and that she is being judged only on her past record. She states that her co-defendant pleaded guilty and admitted to having the drugs. Plaintiff also complains that her attorney has not defended her to the best of his ability. He would not carry out her instructions as to the handling of her case, and she does not want to be forced into a guilty plea. For relief, Plaintiff states that she wants to have her case appealed in a higher court with new counsel appointed and with a change of venue. Texas prison records show that on December 16, 2022, Plaintiff received a five-year sentence for possession of a controlled substance.

## II. Discussion

Plaintiff does not request monetary damages, but asks in effect that her conviction be set aside. However, such relief can only be granted through habeas corpus, not through the vehicle of a civil rights lawsuit. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *Muhammed v. Close*, 540 U.S. 749, 750 (2004) (release from confinement cannot be obtained through a civil rights lawsuit, but must be sought through habeas corpus). Her lawsuit cannot be construed as a habeas corpus petition because the on-line records of the Texas Court of Criminal Appeals do not show that Plaintiff has sought state habeas corpus relief, meaning that she has not exhausted her available state remedies. *See Bradford v. Johnson*, 24 F.3d 237, 1994 U.S. App. LEXIS 14643, 1994 WL 242803 (5th Cir. 1994) (declining to construe civil rights lawsuit as habeas petition where the plaintiff did not exhaust state remedies). Because the relief sought is not available in a civil rights action, Plaintiff's lawsuit should be dismissed without prejudice to her right to seek habeas corpus relief.

Plaintiff must exhaust her remedies through the state courts prior to seeking habeas relief in federal court, in the event that the state courts do not grant her the relief sought. 28 U.S.C. § 2254(b).

The federal habeas corpus statutes provide that such petitions must be filed within one year of the latest of (A) the conviction becoming final, (B) the date upon which an unconstitutional impediment to filing is removed, (C) the date upon which a newly recognized and retroactive constitutional right was recognized by the Supreme Court, or (D) the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. The time during which a properly filed state habeas petition is pending does not count towards that one year period. *See* 28 U.S.C. § 2244(d)(1) and (2).

Even had Plaintiff sought monetary damages, such a claim would lack merit because the District Attorney is shielded from claims for damages by the doctrine of prosecutorial immunity and her defense counsel is not a state actor and thus cannot be sued in a civil rights lawsuit. *See Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) (prosecutors are immune from claims for damages based upon their actions in initiating, investigating, or pursuing a criminal prosecution); *Conway v. Hecker*, 623 F.App'x 232, 2015 U.S. App. LEXIS 20256 at *2 (5th Cir. 2015), *citing Polk County v. Dodson*, 454 U.S. 312, 317-18, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (defense counsel is not a state actor and cannot be sued under the Civil Rights Act).

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed without prejudice. This dismissal shall have no effect upon Plaintiff's right to challenge her conviction through any lawful means, including but not limited to state and federal habeas corpus petitions.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is

found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 18th day of July, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE