IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| WENDY LEA APPLEWHITE HASS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 5:22-cv-159-RWS-JBB |
| § | |
| WILL RAMSEY, ET AL., § | |
| § | |
| Defendants. § | |
| § | |

## ORDER

Plaintiff Wendy Hass, proceeding *pro se*, filed the above-captioned case complaining of alleged violations of her constitutional rights. Docket No. 1. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636. The named Defendants are Franklin County District Attorney Will Ramsey and defense attorney Martin Bradley. *Id.*

Plaintiff complains that she was a passenger in a vehicle which was stopped for not having license tags, and she was ultimately arrested for possession of a controlled substance. *See id.* at 6; Docket No. 1-1 at 1–2. She alleges that her lawyer told her that the only offer she would receive from the prosecution was for five years in prison. Docket No. 1-1 at 4. Plaintiff further alleges that her lawyer told her that if she did not accept this offer, the prosecutor would see to it that she spends the rest of her life in prison based upon her prior record. *Id.*

Plaintiff asserts that her lawyer would not carry out her instructions and she is not happy with his handling of the case. *See generally* Docket Nos. 1, 1-1. She argues that she is not guilty, noting that her co-defendant pleaded guilty and admitted to having the drugs. For relief, Plaintiff says that she wants her case appealed to a higher court with new counsel appointed and a change of venue. *See e.g.*, Docket Nos. 1 at 4; 1-1 at 3.

The Magistrate Judge reviewed the pleadings and observed that a conviction cannot be set aside in a civil rights lawsuit, but such relief can be granted only through a habeas corpus petition. Docket No. 19. Plaintiff's lawsuit cannot be construed as a habeas petition because the online records of the Texas Court of Criminal Appeals do not show that Plaintiff has sought state habeas corpus relief or has otherwise exhausted her available state remedies. 28 U.S.C. § 2254(b); *see e.g.*, *Fagans v. Bass*, No. 6:18-CV-238, 2018 WL 8368376, at *1 (E.D. Tex. Nov. 19, 2018), *report and recommendation adopted,* No. 6:18-CV-00238-TH, 2019 WL 2225338 (E.D. Tex. May 23, 2019).

Because the relief sought by Plaintiff is not available in a civil rights action, the Magistrate Judge recommended that the lawsuit be dismissed without prejudice to her right to seek habeas corpus relief.[1] *See* Docket No. 19. Even if Plaintiff had sought monetary damages, the Magistrate Judge stated that such a claim would lack merit because the prosecutor is shielded from claims for damages by the doctrine of prosecutorial immunity and defense counsel is not a state actor and thus cannot be sued under the Civil Rights Act. *Id.* at 3.

Plaintiff received a copy of the Magistrate Judge's Report and Recommendation on July 25, 2023, but has filed no objections as of the date of this order. Accordingly, Plaintiff is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual

---

[1] The Magistrate Judge reminded Plaintiff that federal habeas corpus relief may be sought after she exhausts her state remedies in a procedurally proper manner. Docket No. 19 at 2. The Magistrate Judge also noted that federal habeas petitions must be filed within one year of the latest of (A) the conviction becoming final, (B) the date upon which an unconstitutional impediment to filing is removed, (C) the date upon which a newly recognized and retroactive constitutional right was recognized by the Supreme Court, or (D) the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. The time during which a properly filed state habeas petition is pending does not count towards that one-year period. *See id.* at 3 (citing 28 U.S.C. § 2244(d)(1)–(2)).

findings and legal conclusions accepted and adopted by the District Court. *Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, Case No. 4:21-CV-00203- RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021).

The Court has reviewed the pleadings in this case and the report of the Magistrate Judge. Upon such review, the Court has determined that the report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989) (ruling where no objections to a Magistrate Judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law"). It is accordingly

**ORDERED** that the report of the Magistrate Judge (Docket No. 19) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-captioned case is **DISMISSED WITHOUT PREJUDICE**. The dismissal of this lawsuit shall have no effect upon Plaintiff's right to challenge her conviction through any lawful means, including but not limited to state and federal habeas corpus petitions.

**So ORDERED and SIGNED this 4th day of October, 2023.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE